**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LEON WEINGRAD, individually and on
behalf of a class of all persons and entities
similarly situated,

      Plaintiff,

v.

BUSINESS CAPITAL LLC,

      Defendant.

Case No. 2:25-cv-06344

**DEFENDANT'S NOTICE OF REQUESTED SUPPLEMENTAL AUTHORITY**

Defendant Business Capital LLC files this attached supplemental authority as requested by the Court at yesterday's oral argument on Defendant's 12(b)(6) motion to dismiss.

First, a link to the argument held before the Seventh Circuit in *Steidinger v. Blackstone Medical Services*, Case No. 25-2398 can be found here:

https://media.ca7.uscourts.gov/sound/external/sk.25-2398.25-2398_05_21_2026.mp3

The argument raises many of the same issues discussed at yesterday's hearing. The Seventh Circuit is the first Circuit Court of Appeals to hear argument on whether a "telephone call" under 47 U.S.C. § 227(c)(5) encompasses text messages, and no other Circuit Court has decided this issue.

Second, per the Court's request, Defendant attaches a list of the TCPA cases filed by Leon Weingrad (Ex. A) and Jourey Newell (Ex. B). In the last few years, Mr. Weingrad has filed at least 36 purported TCPA class actions in federal court and Mr. Newell has filed at least 25 purported TCPA class actions in federal court. Defendant does not know how many more TCPA class actions were threatened by Mr. Weingrad or Mr. Newell and resolved before an action was filed. But Defendant knows that the *Newell v. RxLink* case was preceded by a demand letter from the

Heidarpour Law Firm, which as described in Exhibit C hereto, sends a much larger volume of demand letters than the cases they file. As such, it is likely that the 61 filed federal TCPA class actions do not paint a complete picture of the TCPA claims these two plaintiffs have asserted.

In response to Your Honor's question at oral argument regarding the scope of the private right of action under Section 227(c)(5) and the distinction between "telephone solicitation" and "telephone call," Defendant explained that regulators and enforcement agencies have different priorities than the few plaintiffs and firms that bring most of these cases, and so it makes sense that Congress would provide a private right of action for only a subset of the conduct regulated under 47 U.S.C. § 227(c). That is especially true here: Plaintiff's counsel here has represented the most prolific serial plaintiffs in this space—Chet Wilson, Leon Weingrad, and Jourey Newell—and then used their claims to shape the law and to recover individual settlements in excess of what the TCPA permits, over and over again. Notably, Plaintiff relies heavily on decisions involving Chet Wilson and Jourey Newell in his opposition.[1]

The common thread is troubling and worthy of the Court's attention. So, we attach as Exhibit C a motion we recently filed in *Chet Wilson v. Freeway*—another TCPA class action brought by the Heidarpour Law Firm and Plaintiff's counsel here. It details Plaintiff's counsel here filing almost 100 TCPA class actions on behalf of Chet Wilson, but, with potentially one exception, never trying to recover anything for a class. Instead, as explained in Exhibit C, they have used the *in terrorem* effect of the class mechanism to extract settlements far in excess of what the TCPA permits, the vast majority of which goes to the lawyers. Defendant's investigation into

---

[1] *See Wilson v. Easy Spirit*, 2026 U.S. Dist. LEXIS 69059 (D. Conn. Mar. 31, 2026); *Wilson v. Better Mortgage Corp.*, 2025 U.S. Dist. LEXIS 251694, 2025 WL 3493815 (S.D.N.Y. Dec. 5, 2025); *Wilson v. MEDVIDI*, 2025 U.S. Dist. LEXIS 198827, 2025 WL 2856295 (N.D. Cal. Oct. 7, 2025); *Wilson v. Skopos Financial*, 2025 WL 2029274 (D. Or. July 21, 2025); *Wilson v. Hard Eight Nutrition*, 804 F. Supp. 3d 1141 (D. Or. 2025); *Newell v. Children's Dental Health Associates*, LLC, No. 2:25-cv-05238, ECF No. 25 (E.D. Pa. Apr. 6, 2026); *Newell v. RxLink*, Civil Action No. 2:25-cv-4270, ECF No. 43 (E.D. Pa. Mar. 12, 2026).

Mr. Weingrad and Mr. Newell is still ongoing, but we believe the same pattern is evident here—threatening dozens of TCPA class actions to extort windfalls for Plaintiff's counsel without ever recovering, or even attempting to recover, anything for a class. Exhibit C seeks a ruling in the *Freeway* litigation that this practice is an abuse of the class mechanism.

Plaintiff's counsel's response to Exhibit C was also notable: Rather than try to defend that practice, they immediately moved to dismiss Mr. Wilson's case with prejudice to avoid an adverse ruling that might jeopardize the similar operation they are running in this District and across the country. *Wilson v. Freeway Insurance Services of America*, Civ. A. No. 25-1869, ECF 20. Late yesterday evening, we filed our opposition to that motion, arguing that the court there should resolve Freeway's pending motion on the merits and permit discovery into the Heidarpour Law Firm before dismissing the action. *Id.*, ECF 23. This series of events, and the enormously expensive investigation the undersigned's client undertook in the *Wilson* case to document it, provides a rare glimpse into how Rule 23 is being used in practice in the TCPA space across the United States to make law that benefits almost exclusively a few repeat litigants and their counsel.

If the *Weingrad v. Business Capital* case proceeds beyond the pleadings stage, Defendant intends to raise similar issues in a similar Rule 23 motion to deny class certification.

DATED:  June 16, 2026

Respectfully submitted,

*Leo O'Toole*
E. Keith Emanuel (*pro hac vice*)
Leo O'Toole (*pro hac vice*)
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 779-5190
kemanuel@wtlaw.com
lotoole@wtlaw.com

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
Matthew A. Lipman, Esquire
mlipman@mdmc-law.com
1617 JFK Boulevard, Suite 1500
Philadelphia, PA 19103
Telephone: 215-557-2900
Fax: (215) 557-2990

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2026, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Leo O'Toole*
Leo O'Toole
