**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LEON WEINGRAD, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

BUSINESS CAPITAL LLC

      Defendant.

      Case No.: 2:25-cv-06344

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF REQUESTED SUPPLEMENTAL AUTHORITY (ECF NO. 25) AND REQUEST FOR LEAVE TO SUPPLEMENT THE RECORD WITH THE CITED DICTIONARY DEFINITIONS**

At oral argument, the Court invited Defendant to supplement the record with two, and only two, things: *first*, a link to the Seventh Circuit argument in *Steidinger v. Blackstone Medical Services*, No. 25-2398, and *second*, the federal TCPA filing histories of Leon Weingrad and Jourey Newell. Plaintiff did not object to either. Plaintiff writes briefly to object to the materials Defendant added in beyond that invitation, and to request leave to place before the Court the one thing the Court actually asked the parties about, the text of the dictionaries, which bears directly on the noun/verb distinction the Court raised.

**I. Defendant's *Freeway* Materials Exceed the Scope of the Court's Invitation and the Motion, and Should Be Disregarded.**

The Court's request was specific and narrow. Defendant's Notice answers it in two sentences and then devotes three pages to something the Court never asked about and that was not raised at argument, an unrelated *Rule 23* "abuse of the class mechanism" narrative built around an unrelated case currently pending in the District of Oregon *Wilson v. Freeway Insurance Services of America*, Civ. A. No. 25-1869.

1

That detour is improper for three reasons.

*First*, it is outside the scope of what the Court invited. The Court asked for the Seventh Circuit link and the filing histories of Mr. Newell and Mr. Weingrad. It did not ask for, and Defendant never sought leave to file, briefing on a separate case's class certification dispute. A notice of *requested* supplemental authority is not a vehicle to inject new, unsolicited argument uninvited by the Court. Defendant did not raise the *Freeway* case or its plaintiff at argument, and never offered to supplement with it. For that matter, even if it did, Plaintiff had no opportunity to evaluate such materials and would have objected as wholly outside the narrow question posed by the Motion to Dismiss, as he does here. *Second*, some of the (unincluded) material that Defendant cites to *did not even exist at the time of oral argument*. By Defendant's own account, its opposition to Plaintiff's motion for voluntary dismissal in *Freeway* was filed "[l]ate yesterday evening," that is, *after this Court's oral argument had concluded*. So, to the extent that Defendant Business Capital argues that it should include still further materials in an unrelated case with an unrelated plaintiff and defendant, this Court should decline the invitation. *Third*, the material is in any event irrelevant to the pending Rule 12(b)(6) motion. It is being introduced now for the first time, under cover of a request directed at entirely different materials. Whether a "telephone call" under § 227(c)(5) encompasses a text message is a pure question of statutory interpretation. But litigation conduct of non-parties in other actions in other districts, on different issues and class certification has no bearing on what Congress enacted in 1991. Defendant's own Notice concedes its "investigation . . . is still ongoing," which is precisely why this material belongs *nowhere* near the motion now under advisement.

Should the case proceed, Plaintiff will respond to any properly noticed Rule 23 motion at the proper time. In the meantime, Plaintiff respectfully requests that the Court disregard the parts

of ECF No. 25 and Exhibit C addressed to the *Freeway* litigation and confine ECF No. 25 to the two items the Court requested.

**II. Plaintiff Requests Leave to Supplement With the Text of the Cited Dictionaries, Which Resolves the Noun/Verb Question Raised at Argument.**

At oral argument, the Court pressed the parties on whether the terms "call" and "telephone call" should be read as a noun or a verb, and Plaintiff's counsel represented, in essence, that the precise grammatical label mattered less than the dictionaries' own treatment of the terms, but that the contemporaneous dictionaries treat the relevant noun forms as defined *by reference to the verb*, i.e., that the noun phrase operates as a verb. Counsel did not have the dictionary pages physically ready to hand to read those entries into the record. Plaintiff therefore requests leave to supplement with the very definitions already cited in Plaintiff's Opposition (ECF No. 15), so the Court may see the entries rather than rely on the parties' characterizations. This adds no new argument and simply supplies the text underlying argument already made.

Those definitions, reproduced in Exhibit A, show the following. The *noun* "call" is defined, by the lexicographer, *as a verb form*: "*an act* or instance of telephoning." *Random House Webster's College Dictionary* (1991), "call" (n.), def. 42; *accord Webster's Ninth New Collegiate Dictionary* (1990), "call" (n.), def. 8 ("*the act* of calling on the telephone"); *Oxford Encyclopedic English Dictionary* (1991), "call" (n.), def. 4 ("*an act* of telephoning"; "a telephone conversation"). The noun phrase "telephone call" is defined as *equal* to that noun: "telephone call = CALL n." *Oxford Encyclopedic English Dictionary* (1991), "telephone." The phrase thus carries the noun "call's" own definition in verb form, "*an act of telephoning*," into § 227(c)(5).

"An act of telephoning" turns on the *verb* "to telephone," which the same 1990-91 dictionaries define to include sending a message: "to *send (a message)* by telephone; phone," and "to *send a message* or speak by telephone." *Random House Webster's* (1991), "telephone" (v.t. 3;

3

v.i. 4); *accord Webster's Ninth* (1990), "telephone" (v.t. 1) ("to *send* by telephone"); *Oxford Encyclopedic* (1991), "telephone" (v. 2) ("*send (a message)* by telephone").

And even the *noun* "telephone" is defined as "a system of communication using a network of telephones," essentially the point Plaintiff's counsel made at oral argument that a "telephone call" is a call made using the public switched telephone network. *Oxford Encyclopedic* (1991), "telephone" (n. 3). Thus, reading the full noun phrase with its 1991 meanings, as the parties agree the Court must, yields the conclusion that a "telephone call" is "an act of telephoning," and "to telephone" includes sending *a message* by telephone.

## CONCLUSION

The Court asked for two things. Defendant delivered those, plus a brief from another case, involving a plaintiff in Oregon who was not brought up at oral argument on a question and issue no one asked. This Court should disregard it. As for the question actually under advisement, Plaintiff respectfully requests that the Court grant leave to supplement with the dictionary definitions in Exhibit A attached hereto.

Dated: June 18, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

June 18, 2026

/s/ *Andrew Roman Perrong*
Andrew Roman Perrong, Esq.